IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LUIS ENRIQUE MARTINELLI LINARES | CASE NUMBER 20-M-498<br><br>**AFFIDAVIT IN SUPPORT OF<br>REQUEST FOR EXTRADITION** |

I, Julia Nestor, being duly sworn, depose and state:

1. I reside in the United States of America.

2. In 2006, I received a Juris Doctor degree from Brooklyn Law School. I was admitted to the State Bar of New York in May 2007. From approximately 2007 through 2012, I was employed as an associate at a private law firm, David Polk & Wardwell, where I worked as an attorney focused on litigation.

3. Since July 2012, I have been employed as an Assistant United States Attorney in the Eastern District of New York. As an Assistant United States Attorney, my duties include prosecuting persons charged with criminal violations of the laws of the United States. I have personally represented the United States in cases against numerous defendants charged with violations of federal criminal laws. Based on my training and experience, I am knowledgeable in the criminal laws and procedures of this district and the United States.

4. During my tenure in the United States Attorney's Office, I have become particularly knowledgeable in the area of criminal law relating to violations of the financial fraud and corruption statutes, including offenses involving wire fraud, mail fraud, securities fraud, the Foreign Corrupt Practices Act, money laundering, and conspiracy to commit those offenses.

5. In the course of my official duties, I have become familiar with the charges and the evidence in the case against LUIS ENRIQUE MARTINELLI LINARES, entitled United States v.

<u>Ricardo Alberto Martinelli Linares and Luis Enrique Martinelli Linares</u>, Case Number 20-M-498 (also listed as "20-498 M" and referred to as "2020R00016"), which arose out of an investigation into Odebrecht S.A. ("Odebrecht"), a Brazilian company operating in at least 27 countries in industries including engineering, construction, infrastructure, energy, chemicals, utilities and real estate. The investigation relates to a massive bribery and money laundering scheme by Odebrecht and others, including LUIS ENRIQUE MARTINELLI LINARES, to pay bribes to public officials and public servants in several countries to launder the proceeds of the bribery scheme.

## THE CHARGES AND PERTINENT UNITED STATES LAW

6. Under the laws of the United States, a criminal prosecution may be commenced by a criminal complaint. A complaint is a written statement of the essential facts constituting the offenses charged, made under oath before a magistrate judge. The complaint formally charges the defendant or defendants with a crime or crimes, describes the specific laws that the defendants are accused of violating, and describes the acts of the defendants that are alleged to be violations of the law.

7. If the complaint establishes probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant. A judge may issue an arrest warrant for each defendant named in the complaint. Under United States law, the arrest warrant is simply a document authorizing a law enforcement officer to take physical custody of a defendant and bring him or her to court to answer the charges contained in the complaint. The type of detail on the face of an arrest warrant regarding the charges against a defendant can vary by district. The fact that an arrest warrant summarizes the outstanding charges in words, provides only some of the relevant statutory citations, or

merely references the complaint, does not alter the validity of the arrest warrant to authorize a defendant's arrest on all the charges contained in the corresponding complaint. Under United States law, it is the complaint or amended complaint, and not the arrest warrant, that controls the specific number and type of offenses with which a defendant is charged.

8. An amended complaint may be filed to add additional charges or make other changes after a complaint has been filed. In such a case, the amended complaint takes the place of the previous complaint. A judge may issue an arrest warrant for each defendant named in the amended complaint.

9. On June 27, 2020, a United States Magistrate Judge of the United States District Court for the Eastern District of New York signed and filed a Complaint against LUIS ENRIQUE MARTINELLI LINARES, charging him with the following offense: conspiracy to commit money laundering, in violation of Title 18, United States Code, Sections 1956(h), 1956(a)(1)(B)(i), 1956(a)(2)(A), and 1957.

10. Based on the charges in the Complaint, on June 27, 2020, a United States Magistrate Judge of the United States District Court for the Eastern District of New York issued a warrant for the arrest of LUIS ENRIQUE MARTINELLI LINARES.

11. On July 20, 2020, a United States Magistrate Judge of the United States District Court for the Eastern District of New York signed and filed an Amended Complaint against LUIS ENRIQUE MARTINELLI LINARES, charging him with the following offenses: conspiracy to commit money laundering, in violation of Title 18, United States Code, Sections 1956(h), 1956(a)(1)(B)(i), 1956(a)(2)(A), and 1957; money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2; and money laundering, in violation of Title 18, United States Code, Sections 1957 and 2.

12. Based on the charges in the Amended Complaint, on July 20, 2020, a United States Magistrate Judge of the United States District Court for the Eastern District of New York issued a warrant for the arrest of LUIS ENRIQUE MARTINELLI LINARES. This arrest warrant remains valid and executable to apprehend LUIS ENRIQUE MARTINELLI LINARES to stand trial for the crimes with which he is charged in the Amended Complaint.

13. It is the practice of the United States District Court for the Eastern District of New York to retain the original Complaint, Amended Complaint, and arrest warrants and to file them with the records of the court. Therefore, I have obtained certified copies of the Complaint, Amended Complaint, and arrest warrants from the Clerk of the Court and have attached them to this affidavit as **Exhibits A-1** and **A-2** and **Exhibits B-1** and **B-2**, respectively.

14. The relevant portions of the statutes cited above are attached to this affidavit as **Exhibit C**. Each of these statutes was duly enacted and in force at the time the offenses were committed and at the time the Amended Complaint was filed. These statutes remain in full force and effect. A violation of any of these statutes constitutes a felony under the laws of the United States.

15. LUIS ENRIQUE MARTINELLI LINARES is charged in the Amended Complaint with the offense of conspiracy. Under United States law, a conspiracy is simply an agreement to violate other criminal statutes, in this instance, the laws prohibiting money laundering. In other words, under United States law, the act of combining and agreeing with one or more persons to violate United States law is a crime in and of itself. Such an agreement need not be formal and may be simply a verbal understanding. A conspiracy is deemed to be a partnership for criminal purposes in which each member or participant becomes the agent or partner of every other member. A person may become a member of a conspiracy without

4

full knowledge of all the details of the unlawful scheme or the names and identities of all the other alleged conspirators. Accordingly, if a defendant has an understanding of the unlawful nature of a plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict him or her for conspiracy even if he or she had not participated before and even if he or she played only a minor part. Similarly, a defendant need not be aware of all the acts of his or her co-conspirators to be held liable for these acts, provided that he or she is a knowing member of the conspiracy, and the acts of the co-conspirators were foreseeable and within the scope of the conspiracy.

16. The Amended Complaint charges LUIS ENRIQUE MARTINELLI LINARES with conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h). Regarding the charge of conspiracy to commit money laundering, the United States must show that LUIS ENRIQUE MARTINELLI LINARES entered into an agreement with one or more persons to commit money laundering, in one or more of the following ways: (a) by transporting, transmitting, or transferring or by attempting to transport, transmit, or transfer monetary instruments or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States, with the intent to promote the carrying on of an offense involving bribery of a public official in violation of the Penal Code of the Republic of Panama; (b) by conducting and attempting to conduct a financial transaction involving the proceeds of an offense involving bribery of a public official in violation of the Penal Code of the Republic of Panama, knowing that the property involved in the transaction represented proceeds of some form of unlawful activity and knowing that the transaction was designed to conceal or disguise the nature, location, source, ownership or control of the

proceeds; or (c) by engaging and attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000, such property having been derived from an offense involving bribery of a public official in violation of the Penal Code of the Republic of Panama; and that LUIS ENRIQUE MARTINELLI LINARES knowingly and willfully became a member of such conspiracy. The maximum prison term for a violation of Title 18, United States Code, Section 1956(h), as charged in the Amended Complaint, is a term of 20 years imprisonment.

17. The Amended Complaint also charges LUIS ENRIQUE MARTINELLI LINARES with two concealment money laundering offenses in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i). Regarding the concealment money laundering offenses charged in the Amended Complaint, the United States must show that LUIS ENRIQUE MARTINELLI LINARES conducted or attempted to conduct a financial transaction involving property constituting the proceeds of an offense involving bribery of a public official in violation of the Penal Code of the Republic of Panama; that LUIS ENRIQUE MARTINELLI LINARES knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity; and that LUIS ENRIQUE MARTINELLI LINARES knew that the transaction was designed in whole or in part either to conceal or disguise the nature, location, source, ownership or control of the proceeds of an offense involving bribery of a public official in violation of the Penal Code of the Republic of Panama. The maximum prison term for a violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), as charged in the Amended Complaint, is a term of 20 years imprisonment.

18. The Amended Complaint also charges LUIS ENRIQUE MARTINELLI LINARES with two money laundering spending offenses in violation of Title 18, United States Code, Section

1957. Regarding the money laundering spending offenses charged in the Amended Complaint, the United States must show that LUIS ENRIQUE MARTINELLI LINARES knowingly engaged or attempted to engage in a monetary transaction; that LUIS ENRIQUE MARTINELLI LINARES knew the transaction involved criminally derived property; that the property had a value greater than $10,000; that the property was, in fact, derived from an offense involving bribery of a public official in violation of the Penal Code of the Republic of Panama; and that the transaction occurred in the United States. The maximum prison term for a violation of Title 18, United States Code, Section 1957, as charged in the Amended Complaint, is a term of 10 years imprisonment.

19. The Amended Complaint also charges that LUIS ENRIQUE MARTINELLI LINARES committed the two concealment money laundering offenses and the two money laundering spending offenses by aiding and abetting the crimes, as provided by Title 18, United States Code, Section 2. Under Title 18, United States Code, Section 2, whoever commands, procures, assists in, or causes the commission of a crime shall be held accountable and punished in the same manner as the principal, or the person who actually carried out the task. This means that the guilt of a defendant may also be shown even if he did not personally perform every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for himself or herself may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort. Therefore, if the acts or conduct of an agent, employee, or other associate of a defendant were willfully directed or authorized by the defendant, or if the defendant aided or abetted another person by willfully joining together with that person in the commission of a crime, then the law holds the

defendant responsible for the conduct of that other person just as though the defendant had engaged in that conduct him or herself.

20. I have also included, as part of **Exhibit C**, the relevant text of Title 18, United States Code, Section 3282, which is the statute of limitations on the prosecution of the crimes charged in the Amended Complaint. The statute of limitations requires that a defendant be formally charged within five years of the date that the offense or the offenses were committed, except as otherwise expressly provided by law. Under the laws of the United States, the statute of limitations for a continuing offense, such as conspiracy, begins to run upon the conclusion or completion of the offense, not upon the date it commenced.

21. Title 18, United States Code, Section 3292, also included as part of **Exhibit C**, provides that a United States court shall suspend the running of the statute of limitations for an offense for up to three years if the court finds that an official request has been made for evidence of the offense in a foreign country. The period of suspension begins on the date on which the official request is made and ends on the date on which the foreign court or authority takes final action on the request. On July 13, 2017, the United States District Court for the Eastern District of New York issued an order suspending the statute of limitations under Title 18, United States Code, Section 3292, relating to official requests sent to four countries for evidence concerning offenses under investigation, including money laundering relating to the payment and receipt of bribes to government officials in Panama. In total, the foreign authorities have taken more than three years to take final action on the official requests.

22. I have thoroughly reviewed the applicable statute of limitations, and the prosecution of the charges in this case is not barred by the statute of limitations. Because the conspiracy to commit money laundering charged in the Amended Complaint filed on June 27, 2020,

occurred between approximately August 2009 and September 2015, and because the other money laundering offenses charged in the Amended Complaint occurred on the following approximate dates: February 11, November 10, and December 12, 2013, and August 26, 2015; LUIS ENRIQUE MARTINELLI LINARES was formally charged within the specified statute of limitations period, taking into account the period of suspension of the statute of limitations relating to official requests for evidence.

23. The United States will prove its case against LUIS ENRIQUE MARTINELLI LINARES through various types of evidence, including information obtained from witnesses, bank records, corporation ownership documents, emails, and other evidence.

24. LUIS ENRIQUE MARTINELLI LINARES has not been tried or convicted for the offenses charged in the Amended Complaint, nor has he been ordered to serve any sentence in connection with this case. LUIS ENRIQUE MARTINELLI LINARES's co-defendant, Ricardo Alberto Martinelli Linares, also has not been tried or convicted for the offenses charged in the Amended Complaint, nor has he been ordered to serve any sentence in connection with this case.

## SUMMARY OF THE FACTS

25. As part of their investigation, law enforcement authorities identified evidence that, between approximately 2001 and 2016, Odebrecht, through certain of its employees and agents, and together with other co-conspirators, engaged in a massive bribery scheme in which the co-conspirators agreed with others to corruptly pay over USD $700 million in bribes to, and for the benefit of, public servants, foreign officials, foreign political parties, foreign political party officials and foreign political candidates to obtain and retain business and to gain an advantage and benefit from the public servants and foreign officials in various countries

around the world, including public officials and public servants in Panama. Odebrecht concealed the nature, source, ownership and control of the proceeds of the bribery scheme by funneling the proceeds of the scheme through offshore shell company bank accounts to the ultimate beneficiaries of the bribes, namely, public servants, foreign officials, foreign political parties, foreign political candidates and their representatives.

26. The investigation identified LUIS ENRIQUE MARTINELLI LINARES as an intermediary who accepted and laundered bribe payments from Odebrecht on behalf of "Panama Government Official," a high-ranking government official in Panama from approximately 2009 until approximately 2014, and a close relative of LUIS ENRIQUE MARTINELLI LINARES.

27. Between approximately August 2009 and July 2014, LUIS ENRIQUE MARTINELLI LINARES and his brother, Ricardo Alberto Martinelli Linares, together with others, participated in the Odebrecht bribery scheme by, among other things, serving as intermediaries for corrupt payments and the provision of other things of value that Odebrecht offered and provided to the Panama Government Official. Among other things, LUIS ENRIQUE MARTINELLI LINARES and Ricardo Alberto Martinelli Linares established offshore bank accounts in the names of offshore shell companies to receive and disguise bribe payments from Odebrecht made for the benefit of the Panama Government Official.

28. From approximately August 2009 to September 2015, LUIS ENRIQUE MARTINELLI LINARES and Ricardo Alberto Martinelli Linares, together with others, took a number of steps to open and manage secret bank accounts held in the names of shell companies in foreign jurisdictions, which were used to receive, further transfer and deliver bribe payments

that Odebrecht made and caused to be made for the benefit of the Panama Government Official. Specifically, LUIS ENRIQUE MARTINELLI LINARES and Ricardo Alberto Martinelli Linares established shell companies in foreign jurisdictions; served as the signatories on certain of the shell company bank accounts; and personally sent and caused to be sent wire transfers through the structure of shell company bank accounts to conceal and spend bribery proceeds.

29. I have attached to this affidavit, as **Exhibit D**, the original affidavit of Michael Lewandowski, Special Agent of the United States Federal Bureau of Investigation. In his affidavit, Special Agent Lewandowski summarizes the investigation into the criminal conduct, including conspiracy and money laundering, of LUIS ENRIQUE MARTINELLI LINARES and the evidence supporting the Amended Complaint in this case.

## IDENTIFICATION

30. LUIS ENRIQUE MARTINELLI LINARES is a citizen of Panama and Italy, born on December 16, 1981, in Panama. He is described as a Hispanic male, standing approximately 5 feet 9 inches tall, weighing approximately 172 pounds, with black hair and brown eyes.

31. A photograph of LUIS ENRIQUE MARTINELLI LINARES is attached to Special Agent Lewandowski's affidavit and made part of this extradition request. Special Agent Lewandowski has identified this photograph as being that of LUIS ENRIQUE MARTINELLI LINARES, the individual involved in the criminal activities described above, as Special Agent Lewandowski met with LUIS ENRIQUE MARTINELLI LINARES several times during the course of the investigation.

## CONCLUSION

32. This affidavit and the affidavit of Special Agent Lewandowski each were sworn to before a United States Magistrate Judge of the United States District Court for the Eastern District of New York, who is a person duly empowered to administer an oath for this purpose.

_____
Julia Nestor
Assistant United States Attorney
Eastern District of New York

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 27th DAY OF JULY, 2020

_____
HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK